DA 09-0217

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 284N

IN THE MATTER OF:

J.C.-E.M.,

    A Youth in Need of Care.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DN 07-24(A)
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Jim Wheelis, Chief Appellate Defender; Lisa S. Korchinski,
Assistant Appellate Defender, Helena, Montana

    For Appellee:

        Hon. Steve Bullock, Montana Attorney General; Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

        Lucy W. Darty, Assistant Attorney General, Child Protection Unit,
Missoula, Montana

Submitted on Briefs:  August 5, 2009

Decided:  August 25, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Birth mother L.M. appeals from an order of the Eleventh Judicial District Court, Flathead County, terminating parental rights to her then 21-month-old son, J.C.-E.M (J.M.). We affirm.

¶3 The issue on appeal is whether the District Court properly exercised its discretion when it terminated L.M.'s parental rights with regard to her son J.M. In particular, L.M. claims that the District Court erroneously approved her stipulation designating J.M. as a Youth in Need of Care when she signed the stipulation "w/ prejudice." L.M. further claims that the District Court erroneously determined that her treatment plan was appropriate.

¶4 The Department of Public Health and Human Services (DPHHS) initially removed J.M. from L.M.'s care when he was about three weeks old, because L.M. falsely tested positive for cocaine and benzodiazepines while she was hospitalized for kidney stones. The District Court later summarized the nature of the abuse and neglect of J.M. as "the mother's criminal history, history of chemical dependency, mental health issues, inability

to provide proper care to J.M., and general instability." On November 20, 2007, DPHHS, L.M., her counsel, J.M.'s counsel, and a CASA volunteer (the Parties), filed a stipulation agreeing that "the child shall be designated by the Court as a Youth in Need of Care." L.M. wrote "w/ prejudice" next to her signature. The District Court adjudicated J.M. to be a youth in need of care based on the stipulation.

¶5    After the State obtained temporary legal custody of J.M., the social worker and L.M. developed a treatment plan together. L.M. was arrested twice in Flathead County for DUI, resulting in the revocation of L.M.'s probation for a prior Lincoln County offense of tampering with official records. The Lincoln County judge ordered L.M. to complete a 90-day chemical dependency treatment and a 6-month pre-release program. L.M. completed her court-ordered chemical dependency treatment with Passages in Billings and was transferred to their pre-release program on March 31, 2008. In the meantime, the District Court approved the treatment plan that L.M. had signed, specifically finding that it was appropriate. L.M. voluntarily stipulated to the extension of temporary legal custody of J.M. while she remained in pre-release and needed additional time to complete the tasks of her treatment plan. When L.M. failed to complete her assigned pre-release programs in both Billings and Great Falls, DPHHS petitioned to terminate L.M.'s parental rights to J.M. Following a hearing with all Parties present, the District Court issued findings of fact, conclusions of law and an order terminating L.M.'s parental rights on March 13, 2009.

¶6    This Court reviews a district court's decision to terminate parental rights for abuse of discretion. *In re D.B. and D.B.*, 2007 MT 246, ¶ 16, 339 Mont. 240, 168 P.3d 691. In

3

reviewing for abuse of discretion, we consider "whether the trial court acted arbitrarily, without employment of conscientious judgment, or exceeded the bounds of reason resulting in substantial injustice." *In re D.B.*, ¶ 16. Before terminating parental rights, a district court must make specific factual findings addressing applicable statutory requirements. *In re D.B.*, ¶¶ 17-18. We review these findings of fact to determine whether they are clearly erroneous and conclusions of law to determine whether they are correct. *In re D.B.*, ¶ 18.

¶7 Montana law provides that a court may terminate a parent's rights upon clear and convincing evidence that (1) the child has been adjudicated a youth in need of care, (2) an appropriate court-approved treatment plan has not been complied with or has not been successful, and (3) the conduct or condition rendering the parents unfit is unlikely to change within a reasonable time. Section 41-3-609(1)(f), MCA.

¶8 The District Court adjudicated J.M. as a youth in need of care pursuant to the stipulation of L.M., as authorized by § 41-3-434(1), MCA, on November 20, 2007. L.M. argues on appeal that the stipulation she signed should be disregarded as involuntary because she wrote "w/ prejudice" after her signature. L.M. cites no Montana authority to support her proposition that signing a stipulation with any particular phrase renders that stipulation involuntary. While "w/ prejudice" may indicate L.M.'s dissatisfaction with the stipulation, this does not signify that her signature was not knowing and voluntary. Indeed, there is no other evidence in the record to suggest that her stipulation was involuntary. The stipulation states that L.M. understood its contents, was advised by counsel, and signed it voluntarily. The stipulation represents that L.M. knew she had a

4

right to a hearing on the merits of adjudication and that she waived that hearing. The District Court's findings of fact determining that J.M. was adjudicated as a youth in need of care were not clearly erroneous on this record and its conclusions of law were correct.

¶9 The District Court made specific findings that an appropriate treatment plan was not successful. The court approved a Phase I treatment plan on February 22, 2008, following a hearing at which L.M.'s attorney advised that L.M. signed the plan and agreed that it was appropriate. L.M. argues on appeal that her treatment plan was not appropriate because it did not address her mental health issues. However, the Phase I treatment plan addressed L.M.'s particular needs relating to chemical dependency and was intended to be followed by a Phase II treatment plan that would further address other issues such as L.M.'s mental health. The court's findings further conclude that L.M. did not successfully complete her court-ordered Phase I treatment plan, specifically noting that L.M. was discharged from two pre-release programs following numerous rule violations. L.M. admitted that she had committed numerous rule violations while in custody, contrary to the terms of her treatment plan. The court's findings further note that L.M. will not be released from prison until October 2009, whereupon she will require a great deal of time to adjust to starting life anew. The court concluded that the conduct rendering L.M. unfit as a parent is unlikely to change within a reasonable time. The District Court's findings were not clearly erroneous and its conclusions of law were correct.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for

memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issues are ones of judicial discretion and there clearly was not an abuse of discretion.

¶11   Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE